**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

**GARY N. BARNES**                                                                                               **PLAINTIFF**

**V.**                                           **CIVIL ACTION NO. 3:08CV450 WHB-LRA**

**MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY**                                     **DEFENDANT**

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

THIS CAUSE is before the Court upon the [13] Motion for Summary Judgment filed by Gary N. Barnes [hereinafter Plaintiff] and the [17] Motion for Order Affirming the Decision of the Commissioner filed by Commissioner Michael J. Astrue [hereinafter Commissioner]. Plaintiff appeals from the decision of the Commissioner of Social Security denying his application for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). The Commissioner opposes the motion and requests this Court enter an order pursuant to 42 U.S.C. §405 (g), affirming the final decision of the Administrative Law Judge. Having carefully considered the hearing transcript, the medical records in evidence, and all the applicable law, it is the recommendation of the Undersigned that the final decision of the Administrative Law Judge should be affirmed. The reasons for this recommendation are as follows:

**Procedural Background**

On November 30, 2004, Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, alleging disability due to acid reflux, arthritis of his back, and nerve trouble

(depression) (R. 77, 272). Plaintiff's applications were denied initially and on reconsideration. (R. 67-69, 266). An initial administrative hearing was conducted by Administrative Law Judge Larry J. Stroud on April 11, 2007, and was continued until July 12, 2007, to allow Plaintiff time to submit supplemental medical evidence. On July 19, 2007, ALJ Stroud rendered an unfavorable decision finding that Plaintiff had not established that he was disabled within the meaning of the Social Security Act (R. 11-21). On May 17, 2008, the Appeals Council denied Plaintiff's request for review. (R. 6-9). Plaintiff now appeals that decision.

## **Facts and Medical Evidence**

Plaintiff was born on May 29, 1960, and has a second grade education. (R. 67). He was forty-four (44) years old on his alleged onset date of disability, September 30, 2004, and was forty-seven (47) years old as of the date of the administrative decision denying his claim for benefits. (R. 67, 285). Plaintiff was ruled illiterate by the ALJ in accordance with 20 C.F.R. §404. 1564(b)(1). (R. 20). His only work experience is a logger, "hauling pulpwood and logs." (R. 286). Plaintiff denies a specific triggering incident, but reports that he discontinued work because of years of "back and neck pain and problems walking." (R. 158).

The medical evidence regarding Plaintiff is described in the ALJ's decision and the parties' briefs, and will not be repeated in depth herein. The relevant medical evidence includes records from Dr. John Paul Lee (primary treating physician); Dr. Robert Culpepper (non-examining state agency medical consultant); and, Dr. Alan R. Moore, (examining neurologist).

Plaintiff's primary treating physician, Dr. Lee, diagnosed Plaintiff with degenerative joint disease and osteoarthritis, for which he prescribed various muscle relaxants and pain relievers. (R. 246; 254; 255). On February 9, 2007, Dr. Lee completed a form entitled "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)" in which he found Plaintiff's maximum ability to lift and carry on an occasional basis was limited to less than ten (10) pounds; that his maximum ability to lift and carry on a frequent basis was limited to less than ten (10) pounds; that his maximum ability to stand and walk with normal breaks during an eight-hour work day was limited to less than two (2) hours; and, that his maximum ability to sit with normal breaks during an eight-hour workday was limited to six (6) hours. (R. 258).

Approximately two years prior to completing the functional assessment form, in a letter dated January 29, 2005, Dr. Lee advised Plaintiff that radiological reports showed Plaintiff's "chest x-ray, MRI of the thoracic spine, CT chest scan and x-rays of the lumbar spine were essentially normal except for osteoarthritis in the L4-5, L5-S1 disc spaces which shows some degeneration but no evidence of disc." (R. 157). Dr. Lee also advised that these were "good reports." (**Id**). The record indicates that Dr. Lee's opinions were based on a radiological report from Lackey Memorial Hospital dated January 25, 2005, which showed disc degeneration, but no evidence of disc extrusion in either Plaintiff's thoracic or lumbar spine. (R. 230-231). On January 24, 2005, Dr. Robert Culpepper completed a medical consultant review form on which he opined that

3

Plaintiff's impairments were not severe and that Plaintiff suffered from no significant functional restrictions. (R. 156). On February 21, 2007, Dr. Alan Moore, conducted an Electromyography and Nerve Conduction Study, which found Plaintiff's reflexes were hyporeflexive at both knees and absent at both ankles. (R. 262).

### **Findings of the Administrative Law Judge**

Upon reviewing all of the evidence, the ALJ found that although Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine and depression, Plaintiff failed to establish the existence of any impairment, or combination of impairments, that met or equaled any category of medical criteria set forth in the Commissioner's Listing of Impairments. 20 C.F.R. §404. , Subpart P, Appendix 1. (R. 16, 18). The ALJ also determined that Plaintiff had the residual functional capacity to perform physical activity on a light exertional level, and while Plaintiff could not perform his past relevant work as a logger, there are jobs that exist in significant numbers in the national economy that Plaintiff could perform. These jobs include work as a hand packager, ticket taker, and sorter. (R. 309-310). Lastly, the ALJ found that Plaintiff has the residual functional capacity to do as follows: "lift/carry twenty pounds occasionally and ten pounds frequently, stand/walk six hours in an eight hour workday, sit six hours in an eight hour workday, push/pull twenty pounds occasionally and ten pounds frequently; occasionally climb, balance, stoop, crouch, crawl, and kneel. The claimant is capable of: understanding, remembering, and carrying out simple instructions;

using judgment, responding appropriately to supervisors, co-workers, and usual work situations; and dealing with changes in a routine work-setting." (R. 18).

## Standard of Review

This Court's review of the ALJ's decision that a claimant is not disabled is limited to two basic inquiries: (1) whether there is substantial evidence in the record to support the [ALJ's] decision; and (2) whether the decision comports with relevant legal standards." **Brock v. Chater**, 84 F.3d 726, 728 (5th Cir. 1996) (*citing* **Carrier v. Sullivan**, 944 F.2d 243, 245 (5th Cir. 1991)). *See also* **Richardson v. Perales**, 402 U.S. 389, 401 (1971). The Fifth Circuit has defined substantial evidence as "that which is relevant and sufficient for a reasonable mind to accept as adequate to support a conclusion; it must be more than a scintilla, but it need not be a preponderance." **Leggett v. Chater**, 67 F.3d 558, 564 (5th Cir. 1995), citing **Anthony v. Sullivan**, 954 F.2d 289, 295 (5th Cir. 1992). Any findings by the Commissioner that are supported by substantial evidence are conclusive. **Ripley v. Chater**, 67 F.3d 552, 555 (5th Cir. 1995).

A claimant's entitlement to disability benefits hinges on whether he can establish his inability "to engage in any substantial gainful activity by reason of [a] medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." **Bowling v. Shalala**, 36 F.3d 431, 435 (5th Cir. 1994). The Commissioner reviews the evidence of disability offered by the claimant and evaluates the evidence by using

a sequential evaluation.[1] The burden of proof on the first four steps falls on the claimant; the burden of proof on the last step, which is whether a claimant can perform work existing in significant numbers in the national economy, rests with the Commissioner. Significantly, the Commissioner only has the burden of proof on the fifth step.

Having applied these standards of law to the facts in this case, the Undersigned recommends that the ALJ's decision be affirmed.

## **Statement of the Issues**

According to the Commissioner, Plaintiff's sole argument is that the ALJ failed to assign the proper controlling weight to the opinions of Plaintiff's primary treating physician, Dr. Lee. Plaintiff desires to make clear, however, that his position is more nuanced: That is, he does "not contend that the ALJ erred in failing to grant controlling weight to Dr. Lee's opinions," but rather that "after denying controlling weight to treating physician Lee's assessment of Barnes' standing/walking limitations, the ALJ erred in failing to weigh such opinion using the appropriate legal standard established by 20 C.F.R. §404.1527(d)." (Plaintiff's Rebuttal Brief, pp. 4-5). Had the ALJ properly weighed and adopted Dr. Lee's standing/walking assessment opinion in compliance with this standard, Plaintiff

---

[1] Pursuant to C.F.R. § 404.1520, the steps of the sequential evaluation are: (1) Is plaintiff engaged in substantially gainful activity? (2) Does plaintiff have a severe impairment? (3) Does plaintiff's impairment(s) (or combination thereof) meet or equal an impairment listed in 20 C.F.R. Part 404, Sub-part P, Appendix 1? (4) Can plaintiff return to prior relevant work? (5) Is there any work in the national economy that plaintiff can perform? *See also* **McQueen v. Apfel**, 168 F.3d 152, 154 (5th Cir. 1999).

argues that he might have found Plaintiff was limited to sedentary work,[2] or in the alternative, found him disabled as a matter of law pursuant to Grid Rule 201.00 (h)(1).  Consequently, Plaintiff requests this Court remand this matter to the ALJ for the re-weighing of Dr.  Lee's opinion; or the reassessment of Plaintiff's remaining abilities to perform standing/walking and a finding of disability under Rule of 201.00(h) or, in the alternative, new Vocational Expert testimony. (Plaintiff's Memorandum Brief, p.  17-18).

## **Legal Analysis**

Pursuant to 20 C.F.R. § 404.1527 (d)(2), the ALJ's consideration of a treating

physician's opinion must be based on:

(1) the physician's length of treatment of the claimant,
(2) the physician's frequency of examination,
(3) the nature and extent of the treatment relationship,
(4) the support of the physician's opinion afforded by the medical evidence of record,
(5) the consistency of the opinion with the record as a whole, and,
(6) the specialization of the treating physician.

---

[2]  Sedentary work is the least rigorous of the five categories of work recognized by the Social Security Administration regulations and is defined as:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers and small tools.  Although a sedentary job is defined a sone which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.  Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. 416.967(a).

**Id**., *citing* **Newton v Apfel**, 209 F. 3d 448, 456 (5th Cir. 2000).

Absent reliable medical evidence from a treating or examining physician controverting the claimant's treating specialist, an ALJ may reject the opinion of the treating physician only if the ALJ performs a detailed analysis of the treating physician's views under the criteria set forth in 20 C.F.R. § 404.1527(d)(2)." **Qualls v. Astrue**, 339 Fed. Appx. 461(5th Cir. 2009), *quoting* **Newton v. Afpel**, 209 F. 3d 448, 453 (5th Cir. 2000). "Good cause may permit an ALJ to discount the weight of a treating physician relative to other experts where the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence." **Id**. *quoting* **Newton**, 209 F. 3d at 455-56 (citation omitted). The ALJ is therefore free to reject the opinions of a treating physician when the evidence supports a contrary conclusion. **Id**.

### I. The ALJ's Assement of Dr. Lee's Opinions.

In the instant case, Plaintiff accuses the ALJ of giving boilerplate consideration to the 20 C.F.R. § 404.1527(d)(2) standard; unfairly disregarding the opinions of Plaintiff's treating physician, Dr. Lee; and, improperly substituting his lay interpretation of the medical evidence for that of medical experts. First, the Court rejects Plaintiff's contention that the ALJ gave boilerplate consideration to Dr. Lee's opinions. A neutral reading of the ALJ's opinon reveals the ALJ made the following observations in assessing the weight of Dr. Lee's opinions:

> The claimant was examined on several occasions
> from November 4, 2004 to December 21, 2004 at Forest

Family Practice Clinic by treating physician, Dr. John Lee. He complained of acid reflux, chest pain, and musculoskeletal pains of the neck, lower back, and shoulders. The claimant also complained of anxiety and depression. Dr. Lee noted on January 29, 2005, that previous x-rays taken of the cervical, thoracic, and lumbar spine showed no abnormality. Dr. Lee assessed the claimant as having depression and degenerative joint disease with a good prognosis for improvement. He was treated with pain medication, muscle relaxants, and antidepressant medication for his symptoms. (Exhibits 3F, 5F).

(R. 16).

\* \* \*

During the period from February 15, 2005 to May 22, 2007, the claimant was treated at Forest Family Practice for complaints of multiple musculoskeletal pains of the upper and lower extremities; headaches; abdominal pains; depression, chest pains, elevated blood pressure. He was assessed as having generalized muscle pain, gastric reflux, osteoarthritis, hypertension, and depression. The claimant was prescribed pain and inflammatory medicine, muscle relaxants, anti-depressants and hypertension medication for his symptoms. (Exhibits 10F, 13F).

(R. 17)

\* \* \*

On February 9, 2007, Dr. John Lee opined that the claimant's complaints of low back pain radiating into the bilateral lower extremities, with the right leg worst [sic] than the left leg limits him to a reduced range of sedentary exertional work activity (Exhibit 11F). Dr. Lee mentions fibromyalgia at one point in his records but there was no exam with tender points ever performed. Dr. Lee did not list fibromyalgia as a limiting condition in (Exhibit 11F).

(R. 18)

\* \* \*

9

> The chronic pain resulting from diagnosis of degenerative disc disease of the lumbar spine and fibromyalgia are reasonable determinable impairments which would be reasonably expected to cause pain and discomfort such as the claimant has described on record. However, there is no mention in any treating physician notes that the claimant required surgery intervention, and he has no more than prescriptions refills of his current dosages of prescribed medication for relief along with recommended medicine compliance and continued physical therapy. (R. 19).
>
> \* \* \*

(R. 19).

> Also, the undersigned notes that the medical assessment of Dr. Lee, treating physician, dated February 9, 2007 (Exhibits 11F) determining that, the clamant's residual functional capacity was [effectively] restricted to a reduced range of sedentary exertional work activity cannot be accepted. It is contrary to his own examination findings on January 29, 2005 (Exhibit 5F), which found x-rays taken of the claimant's cervical, thoracic, and lumbar spine were normal. The undersigned accepts the opinions of the state agency medical consultant dated January 5, 2005 (Exhibit 4F), that [t]he claimant has no severe impairment. Medical records also show that the claimant's musculoskeletal pains have normally been stabilized with medicine intervention. (Exhibits 3F, 9F, 10F, 13F).

(R. 19).

Although the ALJ did not list the factors stated in 20 C.F.R. §404.1527(d), the above analysis indicates that he considered the factors in evaluating Dr. Lee's medical opinions. The ALJ also expressly stated that he considered opinion evidence in accordance with the requirements of 20 C.F.R. 404. 1527. (R. 18). Notwithstanding the ALJ's analysis outlined above, however, Plaintiff's argument on appeal focuses on three reasons given by the ALJ in his evaluation of Dr. Lee's

10

standing walking assessment:

> (1) Dr. Lee's opinions are contrary to January 2005 lumbar spine x-rays;
>
> (2) The ALJ accepts the January 2005 opinions of the state agency medical consultant ("SAMC") "that the claimant has no severe impairment; and,
>
> (3) Barnes' musculoskeletal pains have normally been stabilized with normal medication.

(Plaintiff's Memorandum Brief, p. 13). None of these three explanations, Plaintiff argues, constitutes good cause for rejecting Dr. Lee's standing/walking assessment.[3] The success of Plaintiff's argument, however, depends on a narrow construction of the ALJ's opinion, and as set forth below, this Court finds substantial evidence supports the ALJ's decision to assign lesser weight to Dr. Lee's standing/walking assessment.

### A. Lumbar X-rays

Importantly, the only functional assessment Plaintiff specifically criticizes the ALJ for failing to apply the 20 C.F.R. § 404.1527(d)(2) standard to is Dr. Lee's opinion that Plaintiff could not stand or walk for more than two hours in an eight-hour workday, which, in conjunction with Dr. Lee's other opinions, effectively limits Plaintiff to performing sedentary work. As grounds, Plaintiff argues the ALJ erroneously interpreted Dr. Lee's letter dated January 29, 2005, as stating that

---

[3] **Vinning v. Astrue**, 2009 WL 920192 (N.D. Tex. 2009) ("The determination of disability always remains the province of the ALJ and the ALJ can decrease the weight assigned to a treating physician's opinion for good cause, which includes disregarding statements that are brief and conclusory, unsupported by acceptable diagnostic techniques, or otherwise unsupported by the evidence.")

11

Plaintiff's lumbar x-rays were normal. Dr. Lee's letter in its entirety states the following:

> Dear Mr. Barnes,
>
> > Your recent chest x-ray, MRI of the thoracic spine, CT chest scan and x-rays of the lumbar spine were essentially normal except for osteoarthritis in the L4-5, L5-S1 disc spaces which shows some degeneration but no evidence of disc.
> >
> > These are good reports. Thanks for allowing us to perform these tests.

(R. 157).

According to Plaintiff, Dr. Lee was not stating that "Barnes' lumbar x-rays were 'normal;'" on the contrary, Lee was advising that the chest x-rays, chest CT scan, and thoracic spine MRI were all "essentially normal," unlike Plaintiff's lumbar x-rays which showed "osteoarthritis in the L4-5 (and) L5-S1 disc spaces" with "some degeneration." (Plaintiff's Memorandum Brief, p. 14). That the ALJ misconstrued Dr. Lee's lumbar findings, Plaintiff argues is evidenced by the underlying radiology report showing Plaintiff had lumbar degeneration. (R. 231). Plaintiff contends that these lumbar abnormalities, coupled with Dr. Moore's examination showing Plaintiff's reflexes were hyporeflexive at both knees and absent at both ankles, all support Dr. Lee's opinion that Plaintiff's standing/walking capabilities are limited to less than two hours. (R. 262).

Although Plaintiff makes a compelling argument that the ALJ may have misconstrued Dr. Lee's statement that the lumbar x-rays were normal, the Court is not persuaded that the ALJ's decision to discount Dr. Lee's standing walking

12

assessment is not supported by substantial evidence. Dr. Lee's residual functional capacity assessment is prepared on a pre-printed form, dated approximately two years after Dr. Lee received the radiological report. On the form, Dr. Lee circled the option that Plaintiff's ability to stand or walk was limited to less than two hours per day, but provides no narrative regarding the condition in his assessment. Dr. Lee's medical opinion, in fact, contains few details regarding the severity of Plaintiff's standing-walking capabilities. Additionally, as argued by the Commissioner, although Dr. Lee noted that diagnostic studies showed some degeneration of the lumbar spine, no evidence of disc extrusion was found. (R. 157, 230). In his rebuttal brief, Plaintiff dismisses the Commissioner's counter argument as curious, but the record on this point is uncontroverted. The radiological report on which Dr. Lee's standing/walking assessment is based provides the following lumbar findings:

> Axial and sagittal T1 and T2 weighted images were obtained. There is desiccation of the L4-5 and L5-S1 disc. Annular fissures are demonstrated. Mild posterior annular bulges are seen at L4-5 and L5-S1. **No signs of a disc extrusion are found.** The remaining lumbar discs are normal. The osseous structures have a normal alignment, morphology and marrow signal intensity. The conus medullaris and cauda equina are normal.
>
> Opinion:
>
> 1. Desiccation of the L4-5 and L5-S1 discs.
>
> 2. L4-5 and L5-S1 annular fissures and posterior annular bulges.

(R. 230). (Emphasis added).

Plaintiff insists the lack of disc extrusion is irrelevant because the Commissioner attempts to supply a new reason for the rejection of Dr. Lee's standing/walking assessment that was not raised by the ALJ in his opinion, and presumes that only disc extrusion interferes with an individual's ability to stand/walk during the day. It is true that an ALJ's decision "must stand or fall with the reasons set forth in the ALJ's decision, as adopted by the Appeals Council." **Newton v. Afpel**, 209 F. 3d at 455. However, perfection in administrative proceedings is not required, and procedural improprieties constitute a basis for remand only if such improprieties cast into doubt the existence of substantial evidence to support the Administrative Law Judge's decision. **Morris v. Bowen**, 864 F.2d 333, 335 (5th Cir. 1988). It is clear from the record in this case that substantial evidence supports the ALJ's decision.

As discussed *supra*, the ALJ's view that Plaintiff's degenerative disc disease did not limit him to standing or walking less than two hours was one of many reasons provided by the ALJ explaining why Plaintiff had the residual functional capacity to perform light work. Though Plaintiff discounts the significance of the lack of disc extrusion, Dr. Lee's own medical records reflect that he noted that notwithstanding degeneration of the lumbar spine, no evidence of disc extrusion was found. Moreover, while the Court appreciates Plaintiff's contention that Dr. Moore's finding that Plaintiff's reflexes were hyporeflexive at both knees and absent at both ankles supports Dr. Lee's standing/walking assessment, where there is substantial evidence supporting the ALJ's finding, this Court may not re-

weigh the evidence, try the case *de novo*, or substitute its judgement for that of the ALJ, **Hollis v. Bowen**, 837 F. 2d 1378, 1383 (5th Cir. 1988), even if it finds evidence that preponderates against the ALJ's decision. **Bowling v. Shalala**, 36 F. 3d 431, 434 (5th Cir. 1994). Furthermore, the issue is not whether substantial evidence might support Plaintiff's preferred conclusion, but whether substantial evidence supports the Commissioner's decision.

### B. Dr. Culpepper (Non-Examining Medical Consultant)

Next, Plaintiff disputes that the ALJ's adoption of the state medical consultant's opinions constitutes good cause for rejecting Dr. Lee's standing/walking assessment. Dr. Robert Culpepper, a non-examining medical consultant for the state Disability Determination Services, opined in a medical report dated January 24, 2005, that Plaintiff did not suffer from a severe impairment and did not have significant functional restrictions. (R. 156, 4F). In his opinion, the ALJ states that he "accepts the opinions of the state agency medical consultant dated January 5, 2005 (Exhibit 4F)[4], that [t]he claimant has no severe impairment." (R. 19). This statement, however, contradicts the ALJ's finding at Step 2 of the sequential evaluation, that the Plaintiff's degenerative disc disease of the lumbar spine constitutes a severe impairment. (R. 16). Plaintiff suggests this internal inconsistency, in conjunction with the fact that Culpepper did

---

[4] Although the ALJ states the report labeled as Exhibit 4F is dated January 5, 2005, the report is, in fact, dated January 25, 2005. Additionally, although in addressing this issue, neither the Commissioner, Plaintiff, nor the ALJ expressly identify Dr. Culpepper as the state agency physician, the record indicates he is the author of the report.

15

not render an opinion regarding Plaintiff's standing/walking abilities, establishes that the ALJ's reliance on Dr. Culpepper's opinions was not good cause for rejecting Dr. Lee's standing/walking assessment. Plaintiff, however, ignores Dr. Culpepper's finding that Plaintiff does not suffer from significant restrictions. This finding comports with the ALJ's overall determination that Plaintiff is not limited to standing or walking less than two hours. The ALJ also references elsewhere in his decision Dr. Culpepper's opinion that Plaintiff has "no significantly limiting restrictions due to his alleged impairments multiple musculoskeletal pains, chest pain, and gastric reflux." (R. 16).

### C. Pain medication

Lastly, Plaintiff charges the ALJ improperly substituted his lay opinion that Plaintiff's lumbar impairments are stabilized with medication, for Dr. Lee's opinion that, despite stabilizing medication, Plaintiff is only able to perform standing/walking for less than two hours per workday. (R. 19). The Undersigned could find no record evidence of Dr. Lee making such a statement, and Plaintiff fails to provide a record cite to support this contention. The record, however, does reflect that the ALJ noted that, while evidence established Plaintiff's degenerative disc disease caused chronic pain:

> [T]here is no mention in any treating physician notes that the claimant required surgery intervention, and he has no more than prescriptions refills of his current dosages of prescribed medication for relief along with recommended medicine compliance and continued physical therapy.

(R. 19). Accordingly, this argument is not well taken.

16

Based upon consideration of the evidentiary record as a whole, the Administrative Law Judge determined that Plaintiff failed to establish that his impairments were of sufficient severity to be disabling within the meaning of 42 U.S.C. §§ 423(d) and 1382c (a). The Undersigned's review of the record compels a finding that substantial evidence, as defined by the law, supported the Administrative Law Judge's decision of non-disability.

## **Conclusion**

For all the above reasons, it is the opinion of the Undersigned United States Magistrate Judge that Plaintiff's motion be denied; that Defendant's Motion for Order Affirming the Commissioner be granted; that Plaintiff's appeal be dismissed with prejudice; and, that Final Judgment in favor of the Commissioner be entered.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009).

This the 8th day of July 2010.

                                                  S/Linda R. Anderson
                                   UNITED STATES MAGISTRATE JUDGE